# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| MUSTAFA ABDULLAH, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 09-3403-CV-S-ODS-H |
| MARTY C. ANDERSON, Warden, | ) |
| United States Medical Center, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he challenges actions of the Bureau of Prisons ["BOP"]. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner has failed to state a constitutional violation, it will be recommended that he be denied leave to proceed in forma pauperis.

After a Show Cause Order was entered, the United States filed its response. Thereafter, petitioner filed a traverse in which he reasserted the allegations of his original petition.

As grounds for relief in habeas corpus, petitioner alleges that he has been denied placement in a Residential Re-entry Center ["RRC"] for more than six months because of an invalid BOP memorandum. He requests that the Court direct respondent to reconsider him for a twelve-month placement utilizing the statutory criteria set forth in 18 U.S.C. § 3621(b). He submits that the warden indicated in his response to petitioner's administrative remedy request that " inmates' re-entry needs can usually be met with six months or less in an RRC. An RRC placement beyond six months will only be approved upon a showing of an inmate's extraordinary and compelling re-entry needs." [Respondent's Response, Exhibit 3]. Therefore, it is his position that because the warden's

response includes the statement that an inmate's needs can generally be met with six months or less, respondent has failed to implement and apply the Second Chance Act of 2007. Petitioner asserts that the BOP has not properly exercised its discretion in implementing the Act, and that he should be reconsidered for placement under the October 21, 2008 regulations. He contends that the BOP should be required to provide an explanation for the application of the relevant criteria. Additionally, petitioner submits that he should be excused from fully exhausting administrative remedies because his projected release date is January 9, 2011, and to exhaust administrative remedies would render his claim moot.

It is the government's response that petitioner has no constitutional right to be housed in an RRC, nor does the BOP have any obligation to place an inmate in an RRC for all or even part of the community transition period. It is further stated that petitioner's unit team at the Medical Center considered him for placement and recommended RRC placement of up to 180 days. [Respondent's Response, Exhibit 2]. The government also contends that petitioner has not fully exhausted administrative remedies.

Having fully reviewed the record, the Court finds that petitioner has failed to state a constitutional violation for which habeas corpus relief is available. The record indicates that his unit team recommended him for six months of RRC placement. While the statute allows for a maximum of twelve months in an RRC placement, it is clear that the recommendation for such placement is discretionary. The memorandum to which petitioner objects merely sets forth the BOP's experience with pre-release placement. There is nothing in the record before the Court to indicate that petitioner did not receive individual consideration.

This Court has carefully considered petitioner's position, mindful of congressional intent and the many policy reasons to support allowing inmates a longer reentry transition period. The Court

finds, however, that there is no indication that the method by which the BOP is handling such requests is arbitrary and capricious, or constitutes an abuse of discretion, sufficient to establish a constitutional violation. Therefore, the Court finds that petitioner has failed to state a constitutional violation, and that it must be recommended that the petition for habeas corpus relief be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for a writ of habeas corpus be dismissed without prejudice.

   /s/ James C. England
JAMES C. ENGLAND
UNITED STATES MAGISTRATE JUDGE

Date:   2/3/10