IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MUSTAFA ABDULLAH, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action |
| ) | No. 09-3403-CV-S-ODS-H |
| ) | |
| MARTY C. ANDERSON, Warden, United ) | |
| States Medical Center, ) | |
| Respondent. ) | |

## ORDER AND JUDGMENT

Pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri, the petition herein for a writ of habeas corpus was referred to the United States Magistrate for preliminary review under the provisions of 28 U.S.C. § 636(b).

The United States Magistrate has completed his preliminary review of the petition for a writ of habeas corpus and has submitted to the undersigned a report and recommendation that the petition for a writ of habeas corpus be dismissed without prejudice.

Petitioner has filed exceptions to the report and recommendation of the Magistrate in which he continues to assert that respondent denied him placement in a Residential Re-entry Center ["RRC"] for more than six months, which demonstrates a failure to properly implement and apply the Second Chance Act of 2007. He asserts that the Bureau of Prisons ["BOP"] should be directed to reconsider him for RRC placement under the criteria set forth in the October 2008, memorandum, which omitted earlier language in the April memorandum that the presumptive norm would continue to be a maximum six months RRC placement.

Having fully reviewed the record de novo, the Court agrees with the Magistrate that the petition for habeas corpus relief should be dismissed. Regardless of petitioner's contentions, the Magistrate correctly found that a recommendation for twelve-month placement in an RRC is discretionary, and that petitioner received individual consideration for such placement. Cases to address this issue in this district, as well as the district of Minnesota, concur with the ruling in this case. Ebeck v. Anderson, 2010 WL 234726 (W.D. Mo. January 13, 2010); Taylor v. Jett, 2010 WL 502783 (D. Minn. February 5, 2010). It is clear that the Second Chance Act requires only that the BOP make its RRC placement recommendation on an individual basis; that the maximum amount of time a prisoner can spend at an RRC is not more than twelve months; and that there is no minimum amount of time. Further, there is no statutory authority that requires transfer of an inmate to an RRC. Elwood v. Jeter, 386 F.3d 842, 847 (8th Cir. 2004). The Eighth Circuit, in an opinion that pre-dated the BOP memorandum from October of 2008, upheld the "extraordinary justification" language in the April memorandum, finding that this was not a prohibited factor, but rather, that it is "a standard for deciding whether to grant a request for extended placement in an RRC." Miller v. Whitehead, 527 F.3d 752, 757 (8th Cir. 2008). Although petitioner submits that adherence to the October memo requires that respondent reconsider his case, it should be noted that on November 14, 2008, the BOP issued another guidance memorandum, Inmates Requests for Transfer to Residential Reentry Center. This memorandum continues to apply the long-standing BOP policy by stating: "An RRC placement beyond six months should only occur when there are unusual or extraordinary circumstances justifying such placement, and the Regional Director concurs." Id. Because the BOP complied with the requirements of the Second Chance Act, the Court agrees with

the Magistrate that petitioner has failed to state a constitutional violation.[1]

Based on the file and records in this case, it is concluded that the findings of fact, conclusions of law, and proposed actions of the Magistrate are correct and should be approved. It is therefore

ORDERED that petitioner's exceptions filed herein be, and they are hereby, considered and overruled. It is further

ADJUDGED that the petition herein for a writ of habeas corpus be, and it is hereby, dismissed without prejudice.

                                                   /s/ Ortrie D. Smith
                                                   Ortrie D. Smith
                                                   United States District Judge

Date: 3/2/10

---

[1] Petitioner concedes that he has not exhausted his administrative remedies with the BOP as to the claims presented here, but contends that he should not have to exhaust those remedies before seeking habeas corpus relief because there was not enough time to do so. Because this Court concludes that petitioner's claim fails on the merits, the failure-to exhaust issue will not be addressed.